SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF BRONX

---------------------------------------------------------

LIZA POPOVIC,

         Plaintiff,

  -against-   

THE STOP & SHOP SUPERMARKET COMPANY LLC,
and
SUPER STOP & SHOP,

         Defendants.

---------------------------------------------------------

Index No. 301206-07
Date Purchased 9-25-07

Plaintiff designates
**Bronx County** as
the place of trial.
The basis of the venue
is Plaintiff's residence.

**Summons
with Notice**

Plaintiff resides at
2145 Lurting Avenue
Bronx, New York.
County of Bronx

To the above named Defendants:

  **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, September 21, 2007

Defendant(s) Address:

                HOFFMAIER &
                HOFFMAIER, LLP
                Thirty Avenue B
                New York, New York 10009
                (212) 777-9400

THE STOP & SHOP SUPERMARKET COMPANY LLC
P.O. 55888
Boston, MA 02205-5888
and
1385 Hancock St.
Quincy, MA 02169-5103

SUPER STOP & SHOP
111 Vredenburg Ave.
Yonkers, N.Y. 10704

Notice: The nature of this action is Negligence/Personal Injuries



The relief sought is Money Damages.

Upon your failure to appear, judgment will be taken against you by default for the sum of $1,000,000.00, with interest from June 2, 2007 and the costs of this action.

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------x
LIZA POPOVIC,

                        Plaintiff,

-against-

THE STOP & SHOP SUPERMARKET COMPANY LLC,
and
SUPER STOP & SHOP,

                        Defendants.
-------------------------------------------------------------------x

*Index No.*
301206-07

VERIFIED COMPLAINT

    Plaintiff, by her attorney, HOFFMAIER & HOFFMAIER, LLP, complaining of the Defendant(s), respectfully sets forth and alleges, upon information and belief, that:

### AS AND FOR A FIRST CAUSE OF ACTION

1. Plaintiff was and still is a resident of the Bronx, City and State of New York, with an address of 2145 Lurting Avenue, Bronx, New York.
2. At all relevant times, THE STOP & SHOP SUPERMARKET COMPANY LLC was a domestic corporation licensed and authorized to do business in the State of New York.
3. At all relevant times, THE STOP & SHOP SUPERMARKET COMPANY LLC was a limited liability corporation licensed and authorized to do business in the State of New York.
4. At all relevant times, THE STOP & SHOP SUPERMARKET COMPANY LLC was a foreign corporation licensed and authorized to do business in the State of New York.
5. At all relevant times, THE STOP & SHOP SUPERMARKET COMPANY LLC was a partnership.
6. At all relevant times, THE STOP & SHOP SUPERMARKET COMPANY LLC was a sole proprietorship.

3

7. On June 2, 2007, THE STOP & SHOP SUPERMARKET COMPANY LLC owned premises located at 111 Vredenburg Ave., Yonkers, New York (hereinafter the "Premises").

8. On June 2, 2007, THE STOP & SHOP SUPERMARKET COMPANY LLC leased Premises located at 111 Vredenburg Ave., Yonkers, New York.

9. At all relevant times, SUPER STOP & SHOP was a domestic corporation licensed and authorized to do business in the State of New York.

10. At all relevant times, SUPER STOP & SHOP was a limited liability corporation licensed and authorized to do business in the State of New York.

11. At all relevant times, SUPER STOP & SHOP was a foreign corporation licensed and authorized to do business in the State of New York.

12. At all relevant times, SUPER STOP & SHOP was a partnership.

13. At all relevant times, SUPER STOP & SHOP was a sole proprietorship.

14. On June 2, 2007, SUPER STOP & SHOP owned premises located at 111 Vredenburg Ave., Yonkers, New York (hereinafter the "Premises").

15. On June 2, 2007, SUPER STOP & SHOP leased Premises located at 111 Vredenburg Ave., Yonkers, New York.

16. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, operated the Premises.

17. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, maintained the Premises.

18. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, managed the Premises.

19. At all relevant times, the Defendants, their servants, agents, lessees, permittees, and/or employees, controlled the Premises.

20. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to maintain, clean and repair the Premises in reasonably safe and suitable condition and repair.

21. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to maintain, clean and repair the interior of the Premises in reasonably safe and suitable condition and repair.

4

22. At all relevant times, it was the duty of the Defendants their servants, agents, lessees, permittees and/or employees, to remove unsafe and hazardous liquids on the floor in the Premises.

23. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to warn Plaintiff and others of unsafe and hazardous liquids on the floor within the interior of the Premises.

24. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to warn Plaintiff and others of unsafe and hazardous liquids on the floor, by color, markings, signs and other warnings, within the interior of the Premises.

25. At all relevant times, it was the duty of the Defendants, their servants, agents, lessees, permittees and/or employees, to provide sufficient and adequate lighting for Plaintiff and others lawfully at said Premises.

26. At all relevant times, the Plaintiff LIZA POPOVIC ("Plaintiff") was lawfully in the Premises.

27. On the 2nd day of June, 2007, Plaintiff was walking within the Premises and slipped, tripped and fell due to a wet, dirty, hazardous, defective and unsafe floor.

28. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to maintain, clean and repair the Premises in reasonably safe and suitable condition and repair.

29. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to maintain, clean and repair the interior of the Premises in reasonably safe and suitable condition and repair.

30. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to remove unsafe and hazardous liquids on the floor within the interior of the Premises.

31. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to warn Plaintiff and others of unsafe and hazardous liquids on the floor within the interior of the Premises.

32. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to warn Plaintiff and others of unsafe and hazardous liquids on

- the floor, by color, markings, signs and other warnings, within the interior of the Premises.

33. At all relevant times, Defendants, their servants, agents, lessees, permittees and/or employees, failed to provide sufficient and adequate lighting for Plaintiff and others lawfully at said Premises.

34. As a result of said wet, hazardous, dirty, and unsafe conditions, and the improper and inadequate lighting, thereby constituting a trap, Plaintiff was caused to sustain severe injuries to her body.

35. The aforesaid described incident and the resulting injuries to the Plaintiff was caused solely by the reason of the carelessness, negligence, wanton and willful disregard on the part of the Defendants, their servants, agents, lessees, permittees and/or employees, without any negligence on the part of the Plaintiff contributing thereto.

36. Defendants are liable for negligence, negligence per se, res ipsa loquitor, respondeat superior and vicarious liability.

37. Defendants caused and created the conditions described above.

38. Defendants had written and oral, actual and/or constructive, prior notice of the conditions described above.

39. Defendants had both actual and constructive prior notice of a recurrent condition of liquids at the accident location.

40. This action falls within one or more of the exceptions set forth in CPLR Section 1602, including, but not limited to, CPLR 1602(7), and (11).

41. By reason of the foregoing, Plaintiff LIZA POPOVIC was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration.

42. By reason of the foregoing, Plaintiff LIZA POPOVIC was caused to suffer pain, inconvenience and other effects of such injuries.

43. By reason of the foregoing, Plaintiff LIZA POPOVIC incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries.

44. By reason of the foregoing, Plaintiff LIZA POPOVIC has suffered and in the future will necessarily suffer additional loss of time and earnings from employment.
45. By reason of the foregoing, Plaintiff LIZA POPOVIC will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to Plaintiff's great damage.
46. By reason of the foregoing, Plaintiff LIZA POPOVIC has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action and/or in a sum that would provide Plaintiff general relief for her injuries and damages.

AS AND FOR A SECOND CAUSE OF ACTION

47. Plaintiff repeats, reiterates and realleges each and every allegation of the complaint set forth in the prior and applicable paragraphs with the same force and effect as though said allegations were herein set forth at length.
48. At all relevant times, it was the duty of the Defendants to select and screen from hiring and retention or for discharge those employees who were not fit, suitable, properly trained, and/or instructed to promptly, properly, safely, and adequately clean, maintain and repair the Premises.
49. At all relevant times, it was the duty of the Defendants to train, discipline and supervise their servants, agents, employees and/or personnel and to promulgate and put into effect adequate and appropriate rules applicable to the activities and behaviors of their servants, agents, employees, and/or personnel concerning cleaning, maintenance and repair of the Premises.
50. At all relevant times, the Defendants failed to select and screen from hiring and retention or for discharge those employees who were not fit, suitable, properly trained, and/or instructed to promptly, properly, safely, and adequately clean, maintain and repair the Premises.
51. At all relevant times, the Defendants failed to train, discipline and supervise their servants, agents, employees and/or personnel and to promulgate and put into effect adequate and appropriate rules applicable to the activities and behaviors of their

7

        servants, agents, employees, and/or personnel concerning cleaning, maintenance and repair of the Premises.

52.    By reason of the foregoing, Plaintiff LIZA POPOVIC has been damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action and/or in a sum that would provide Plaintiff general relief for her injuries and damages.

**WHEREFORE**, Plaintiff LIZA POPOVIC demands judgment against the Defendants in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action and/or in the sum that would provide Plaintiff general relief for her injuries and damages, altogether with the costs and disbursements of this action.

Dated:    New York, New York
            September 21, 2007

Yours, etc.,

_____
JAMES HOFFMAIER
HOFFMAIER & HOFFMAIER, LLP
Attorney for the Plaintiff
30 Avenue B
New York, New York 10009
(212) 777-9400

8

STATE OF NEW YORK
COUNTY OF NEW YORK

I, the undersigned, am an attorney admitted to practice law in the Courts of the State of New York, and state that I am the attorney of record for LIZA POPOVIC in the within action. I have read the annexed summons with notice and verified complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein that are stated to be alleged on information and belief, and, as to those matters, I believe them to be true. The grounds of my belief as to those matter not stated to be upon my own knowledge, are based on investigative materials contained in my file. The reason I make this affirmation instead of the Plaintiff is that the Plaintiff does not reside in the county wherein I maintain my office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: September 21, 2007

_____
JAMES HOFFMAIER

9