SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------x
LIZA POPOVIC,

                      Plaintiff,

    -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC,
and
SUPER STOP & SHOP,

                      Defendants.
-----------------------------------------------------------x

VERIFIED
BILL OF
PARTICULARS

Index No: 301206-07

    Plaintiff, by her attorney, HOFFMAIER & HOFFMAIER, LLP, as and for her Verified Bill of Particulars, pursuant to the Demand of the Defendants, respectfully alleges:

1. Date of accident: June 2, 2007. Time: to be provided. Location: inside of Stop & Shop Supermarket at 111 Vredenburg Ave., Yonkers (hereinafter, the "Premises").

2. Treating physicians: Empress Ambulance, P.O. 31786, Hartford, CT 06150; Lawrence Hospital, 55 Palmer Ave., Bronxville, N.Y. 10708; Patrick McMahon, 266 White Plains Rd., Eastchester, N.Y. 10709; Jonathon Weinstein, 222 Westchester Ave., White Plains, N.Y. 10604; Sound Shore Emerg, Med. Assoc., P.O. 658, Livingston, NJ 07039; Jannet Gorkin, 3327 Bainbridge, Bronx, N.Y. 10467. Injuries (permanent; caused, precipitated, aggravated, and/or exacerbated): Broken right wrist. Distal radius fracture; limited range of motion of wrist; deformity of wrist. Comminuted impacted right distal radial fracture with persistent dorsal angulation. Laterallty displaced ulnar styloid fracture. Left shoulder pain. Embarrassment, humiliation, self-consciousness, emotional anguish, depression, anxiety and stress.

1

Loss of enjoyment of life. Pain and suffering continuing to date. The above injuries are accompanied by severe pain, tenderness, swelling, stiffness, discomfort, distress, weakness, depression, stress, restriction of motion and with related injuries, damages, compromise and degeneration of the underlying soft tissues, blood vessels, bones, nerves, tendons, ligaments, and musculature and all of the natural consequences flowing therefrom. Impairment of spinal integrity and exacerbation of any pre-existing symptomatic and/or asymptomatic spondylitic changes, osteoporosis, arthritis, hypertropic vertebral changes, narrowing of vertebral spaces, degenerative vertebral or disc changes. Aggravation, activation and/or precipitation of any underlying hypertropic, degenerative, arthritic, circulatory, arterial, venous or systemic condition complained of. Plaintiff has and will continue to experience impairment, disruption and difficulty with daily activities, way of life and enjoyment of life including significant impairment of numerous activities that Plaintiff had previously taken for granted. Limitations, diminution, and/or impairment of functions, activities, vocation, avocation and other activities that Plaintiff engaged in prior to the accident. Please take notice that to the extent Defendant(s) claim that any injuries sustained by the Plaintiff were caused by pre-existing conditions and/or degenerative conditions, the Plaintiff alleges that any so-claimed pre-existing and/or degenerative conditions were latent, inactive and dormant and were exacerbated, activated and/or aggravated by the acts and omissions of the Defendant(s) giving rise to the accident and injuries as set forth herein. Also, see attached copies of medical reports, medical records and authorizations received to date for dates of treatment and bills. Subject to supplementation/amendment.

2

3. All injuries are permanent and resulted in permanent disability. See paragraph 2 for description of injuries.

4. (a-b) Intermittently to date.

5. (a) Bed: Intermittently to date. (b) Home: Intermittently to date. (c) Hospital: upon information and belief, one day.

6. Treating physicians: Empress Ambulance, P.O. 31786, Hartford, CT 06150; Lawrence Hospital, 55 Palmer Ave., Bronxville, N.Y. 10708; Patrick McMahon, 266 White Plains Rd., Eastchester, N.Y. 10709; Jonathon Weinstein, 222 Westchester Ave., White Plains, N.Y. 10604; Sound Shore Emerg, Med. Assoc., P.O. 658, Livingston, NJ 07039; Jannet Gorkin, 3327 Bainbridge, Bronx, N.Y. 10467. See attached medical records received to date for dates of treatment.

7. Employment: Not applicable. There is no claim for lost wages.

8. Not applicable.

9. Not applicable: Plaintiff was unemployed on the date of the accident.

10. There is no claim for lost wages.

11. Student: Upon information and belief, not applicable.

12. (a) physician's services: upon information and belief, plaintiff paid no money out of pocket; (b) medication, medical supplies and X-rays: upon information and belief, plaintiff paid no money out of pocket; (c) nurses, therapists and chiropractors: upon information and belief, plaintiff paid no money out of pocket; (d) hospital expenses: upon information and belief, plaintiff paid no money out of pocket; (e) all other special damages: pain and suffering: $1,000,000. Plaintiff may seek to supplement and prove further, additional and/or continuing special damages and impairment.

13. Plaintiff's present residence address: 2145 Lurting Avenue, Bronx, New York. Date of birth: 6/7/59. Social Security Number: 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.

14. Location: inside of Stop & Shop Supermarket at 111 Vredenburg Ave., Yonkers. Upon information and belief, at or near cash register number 9 near the podium where the manager stays.

15. Objection. Details of the manner in which the accident occurred are not required to be set forth in a Bill of Particulars. Dimarco v. Consolidated Rail Corp., 131 A.D.2d 627 (2nd Dept. 1987). Evidentiary materials are not required to be set forth in a Bill of Particulars. Tully v. North Hempstead, 519 N.Y.S.2d 764 (2nd Dept. 1987); Palazzo v. Abbate, 45 A.D.2d 760 (2nd Dept. 1974). Without waiving this objection, Plaintiff slipped/tripped and fell on liquid (possibly juice or water) on the interior floor of the Premises.

16. (a-b) Plaintiff slipped/tripped and fell on liquid (possibly juice or water) on the interior floor of the Premises. That the negligence, carelessness, wanton recklessness, and neglect of the Defendants, their agents, servants, and/or employees, consisted of the following: causing and permitting said Premises to be, become, and remain in a dangerous, slippery, and unsafe condition in that there was liquid (possibly juice or water) thereon; in that the floor was dangerous, unsafe, and hazardous; failing to prevent the accumulation of liquid; failing to properly and adequately clear liquid; failure to hire and train a sufficient number of competent persons to clean and repair; failing to clear drains; failing to place signs; failing to place enough signs; failing to place signs in proper places; failing to use proper signs; failing to use properly colored signs; failing to mark/indicate the hazardous condition by color;

4

allowing optical confusion in the area of the accident; failing to orally warn regarding the dangerous condition; failing to warn the said Plaintiff, by use and placement of proper and adequate personnel, barriers, barricades, or otherwise, of the dangerous, hazardous, and unsafe conditions; failing to properly cleanup, pickup, mop, sweep, or otherwise maintain the Premises; negligent and careless in the ownership, operation, maintenance, repair, supervision, inspection, possession, care and control of the said Premises; negligent and careless in the hiring, supervision, training, retention and screening practices utilized by the Defendant(s), with regard to Defendant(s)'s agents, servants, and/or employees, who care for, maintain, clean, inspect, manage, operate, supervise, possess, and control the said Premises, in that the said agents, servants, and/or employees were improper, inadequate, and otherwise incompetent and unqualified; failing to provide proper, sufficient and adequate safety personnel, measures and equipment at the said Premises; failing to protect the said Plaintiff, and failing to prevent said Plaintiff's accident although Defendant(s), their agents, servants, and/or employees, had reasonable opportunity to do so; violating the applicable laws, statutes, ordinances, rules, and regulations; negligently and carelessly knew or should have known that the said Premises were dangerous, hazardous, and unsafe and that those persons who walk upon the said Premises has been or could be injured on the said Premises; negligent and careless in that Defendant(s), their agents, servants, and/or employees, allowed, maintained, and permitted to maintain dangerous, slippery, hazardous, and unsafe conditions to exist upon and at the said Premises; failure to prevent improper pooling of liquid at the Premises; Doctrines of Res Ipsa Loquitur, negligence per se, vicarious liability,

Respondeat Superior and Special Use; negligent and careless in that Defendant(s), their agents, servants, and/or employees, caused, created, and/or contributed to the said dangerous, hazardous, slippery and unsafe conditions complained of; negligently, carelessly, and recklessly allowed, encouraged and permitted unsafe, dangerous, hazardous, slippery, unsafe and defective conditions and situations to be and remain at the said Premises; negligent and careless in permitting, allowing and encouraging a nuisance, snare and trap to exist at the said Premises; failing to provide proper and adequate lighting on, above or in the vicinity of said Premises; failing to place, install, provide and maintain safe, suitable and adequate mats, rugs, runners and/or non-skid materials upon the floor; failing to install, provide and maintain floor surfaces which were not excessive slippery when wet; in carelessly, negligently, wantonly and improperly designing, planning, constructing and maintaining the Premises so as to contain unsafe and slippery conditions and excessively slippery flooring; and in being otherwise careless and negligent in the ownership, operation, and control of the Premises.

17. It will be claimed that the Defendants violated all applicable, and relevant statutes, codes, rules and regulations of the State of New York or of the City of Yonkers. Plaintiff will ask the Court to take judicial notice of all those statutes, laws, and ordinances violated at the time of the trial. Kwang Sik Kim v. A & K Plastic, 519 N.Y.S.2d 24 (2nd Dept. 1987); Bouton v. County of Suffolk, 509 N.Y.S.2d 846 (2nd Dept. 1986); Sansivero v. Garz, 20 A.D.2d 723. Without waiving this objection, Defendant(s) violated, *inter alia*, State of New York Industrial Code/12 NYCRR

Sections 36-2.3, 9 NYCRR Section 713, 9 NYCRR 735.2; NY Real Property Law Section 235(b)(d), CPLR 1602 (1), (2), (5), (6), (7) and (11).

18. (a) Liquid (possibly juice or water) on the interior floor of the Premises. See paragraph 16 supra. (b) The liquid (possibly juice or water) was dangerous, hazardous and unsafe in that it was on the floor of a supermarket where people walk. See also paragraph 16 supra. (c) The condition was caused and created before the subject accident. See also paragraph 16 supra. (d) Objection: incomprehensible and incomplete demand.

19. (a-c) Objection. Notice is not required because Defendant(s), their agents, servants and/or employees, caused and created the condition. However, to the extent the Court requires notice, actual notice is claimed, in that Defendant(s), their agents, servants and/or employees, "JOHN DOE(S)" and/or "JANE DOE(S)," knew of, saw, caused, created, and/or contributed to the said dangerous, hazardous and unsafe conditions/situations complained of, which conditions/situations existed for a long and unreasonable length of time prior to the occurrence of the incident to which this action refers. Upon information and belief, an employee of the store (possibly a manager; possibly named Elvira Gjonaj or Elina Rosario) admitted that he/she knew about the liquid before the accident. Upon information and belief, Plaintiff fell in front of employees who saw the liquid and did not warn Plaintiff of the liquid. To the extent the Court requires constructive notice, notice is claimed in that the Defendant(s), their servants, agents, and/or employees, permitted the dangerous, hazardous and unsafe condition to exist and remain for an unreasonably long period of time prior to the accident, when they knew or could and should have known of

said condition that existed for an unreasonably long period of time prior to the accident, and a reasonable inspection of the Premises would have revealed the existence of said dangerous and defective conditions. There were ongoing and recurrent dangerous conditions that existed in the area of the accident that were routinely left unaddressed by the Defendant(s); notice of the recurrent conditions is notice of each incident of the recurrent condition; Defendant(s) were negligent in allowing the condition to remain on the floor despite prior notice of the recurrent condition on the floor; Defendant(s), their agents, servants, and/or employees, "John Does" and/or "Jane Does," should have known of, and should have seen, the recurrent conditions, which existed for a long and unreasonable length of time prior to the occurrence of the incident to which this action refers. Witnesses/Notice Witnesses: Plaintiff, Marie Popovic, Elvira Gjonaj (address unknown) and Bora Shabaj, 2145 Lurting Avenue, Bronx, New York; Police Officer Thomas Drogan, City of Yonkers New York Police Department, 104 South Broadway, Yonkers, New York 10701.

Plaintiff reserves her right to amend and/or supplement this information up to and including the time of trial of this matter. Scherrer v. Time, 27 A.D.3d 208 (1" Dept. 2007); Zenteno v. Geils, 17 A.D.3d 457 (2nd Dept. 2005); Allen v. Braxton, 21 A.D.3d 1272 (4th Dept. 2005).

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in this document are not frivolous.

Dated:      New York, New York
            October 19, 2007

Yours, etc.

*James Hoffmaier*
James C. Hoffmaier
HOFFMAIER &
HOFFMAIER, LLP
Attorney for Plaintiff
Attorney at Law
30 Avenue B
New York, New York, 10009
(212) 777-9400

TO: AHMUTY, DEMERS & MCMANUS
Attorneys for Defendants
THE STOP & SHOP SUPERMARKET COMPANY LLC,
and
SUPER STOP & SHOP
200 I.U. Willets Road
Albertson, New York 11507
(516) 294-5433
File SAS1178N7PAE