SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------x
LIZA POPOVIC,

                  Plaintiff,

     -against-

THE STOP & SHOP SUPERMARKET COMPANY LLC,
and
SUPER STOP & SHOP,

                  Defendants.
-----------------------------------------------------------x

COMBINED RESPONSES TO DISCOVERY

Index No: 301206-07

    Plaintiff, by her attorney, HOFFMAIER & HOFFMAIER, LLP, as and for her combined responses, pursuant to the Demands of the Defendants, respectfully alleges:

1. (1-2) DEMAND FOR NAMES AND ADDRESSES OF WITNESSES: Plaintiff and employees of Defendants. Upon information and belief, no other witnesses to the accident except (upon information and belief) Elvira Gjonaj, Bora Shabaj and Marie Popovic, Police Officer Thomas Drogan. See paragraph "19" in the Bill of Particulars regarding "notice" witnesses. Subject to amendment/supplementation. (3) DEMAND FOR PARTY STATEMENTS: Plaintiff does not currently possess any statements responsive to this demand; however, reports (see attached) may contain statements by the Defendants' employees. (4) DEMAND FOR PHOTOGRAPHS: None at present. *–Need Address*

2. (1-3 (a-d)) MEDICAL REPORTS (and bills) AND AUTHORIZATIONS: See attached medical records received to date. Authorizations for the following are attached: Empress Ambulance, P.O. 31786, Hartford, CT 06150; Lawrence Hospital, 55 Palmer Ave., Bronxville, N.Y. 10708; Patrick McMahon, 266 White Plains Rd., Eastchester, N.Y. 10709; Jonathon Weinstein, 222 Westchester Ave., White Plains, N.Y. 10604; Sound Shore Emerg, Med. Assoc., P.O. 658, Livingston, NJ 07039; Jannet Gorkin, 3327 Bainbridge, Bronx, N.Y. 10467.

3. RESPONSE TO DEPOSITION DEMANDS: (1) DEMAND FOR ACCIDENT REPORTS: Attached, if any. (2) MEDICAL REPORTS (and bills) AND AUTHORIZATIONS: See attached medical records received to date. Authorizations for the following are attached: Empress Ambulance, P.O. 31786, Hartford, CT 06150; Lawrence Hospital, 55 Palmer Ave., Bronxville, N.Y. 10708; Patrick McMahon, 266 White Plains Rd., Eastchester, N.Y. 10709; Jonathon Weinstein, 222 Westchester Ave., White Plains, N.Y. 10604; Sound Shore Emerg, Med. Assoc., P.O. 658, Livingston, NJ 07039; Jannet Gorkin, 3327 Bainbridge, Bronx, N.Y. 10467. (3) LOST WAGES: No claim. (4) CONTRACTS, LEASES AND DOCUMENTS: All responsive documents obtained by Plaintiff to date are attached. (5) DEMAND FOR PARTY STATEMENTS: Plaintiff does

not currently possess any statements responsive to this demand; however, reports (see attached) may contain statements by the Defendants' employees. (6) EXHIBITS, PAPERS AND DOCUMENTS: Objection: Palpably improper, vague and overbroad. Without waiving this objection, all responsive documents obtained by Plaintiff to date are attached. Trial exhibits will be exchanged at trial pursuant to CPLR deadlines.

4. INSURANCE: Not directed to Plaintiff.

5. DEMAND FOR NAMES OF PARTIES AND THEIR ATTORNEYS: See attached service list.

6. (1-10) DEMAND FOR EXPERT WITNESS INFORMATION: Any and all other of Plaintiff's treating physicians, all of whom are experts at reading x-ray, MRI and CATSCAN films. Objection. Plaintiff is not required to provide a 3101(d) disclosure regarding treating physicians. Breen v. Laric Entertainment Corp., 769 N.Y.S.2d 270 (1st Dept. 2003); Finger v. Brande, 306 A.D.2d 104 (1st Dept. 2003); Hunt v. Ryzman, 292 A.D.2d 345 (2nd Dept. 2002). Without waiving this objection, Plaintiff designates all treating doctors, including orthopedic surgeon(s), neurologist(s) and chiropractic doctor(s). See attached copies of medical reports and/or hospital records received to date for qualifications of medical providers. The treating doctors will testify regarding personal injuries sustained by Plaintiff as a result of the accident to which this action refers based upon medical reports; hospital records; x-rays; technicians reports; observations of Plaintiff; conversations with Plaintiff; physical examinations of Plaintiff, medical tests, procedures, and treatment; medical knowledge, training, experience, and otherwise. Please see attached medical and hospital records and reports for facts and opinions. Plaintiff has not retained a liability expert to date. Subject to amendment/supplementation.

7. DEMAND FOR COLLATERAL SOURCE: Authorization for BC/BS will be provided. Upon information and belief, no other relevant collateral sources. Plaintiff is not required to particularize items on which he does not have the burden of proof. Dimarco v. Consolidated Rail Corp., 131 A.D.2d 627 (2nd Dept. 1987); Kupferberg v. State, 411 N.Y.S.2d 790 (1978). Subject to amendment/supplementation.

8. 3017(c) $1,000,000.

DEMAND FOR PROOF OF FILING: See attached.

DEMAND FOR EMPLOYMENT AUTHORIZATIONS: Not applicable.

TAX RECORDS: Objection. There is no claim for lost wages. Plaintiff was not self-employed. Williams v. NYCTA, 22 A.D.3d 315 (1st Dept. 2005); Carter v. Fantauzzo, 684 N.Y.S.2d 384 (4th Dept. 1998); Samide v. Roman Catholic, 5 A.D.3d 463 (2nd Dept. 2004).

All responses subject to amendment/supplementation.

11

Plaintiff will not provide further responses to discovery served on Plaintiff after the Note of Issue is filed. Jacques, 7 A. D.3d 576, 775 N.Y.S.2d 897 (2nd Dept. 2004).

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in this document are not frivolous.

Dated:   New York, New York
         October 19, 2007

Yours, etc.

*James Hoffmaier*
James C. Hoffmaier, Esq.
HOFFMAIER &
HOFFMAIER, LLP
Attorney for Plaintiff
Attorney at Law
30 Avenue B
New York, New York, 10009
(212) 777-9400


TO:   AHMUTY, DEMERS & MCMANUS
      Attorneys for Defendants
      THE STOP & SHOP SUPERMARKET COMPANY LLC,
      and
      SUPER STOP & SHOP
      200 I.U. Willets Road
      Albertson, New York 11507
      (516) 294-5433
      File SAS1178N7PAE

12

STATE OF NEW YORK )
COUNTY OF NEW YORK )     SS:

JAMES HOFFMAIER, an attorney duly admitted to practice law in the State of New York, affirms the following to be true under penalties of perjury:

The undersigned is the attorney of record for the Plaintiff, LIZA POPOVIC, in the captioned matter. The undersigned has read the forgoing and knows the contents thereof. The same is true to affirmant's own knowledge, except as to those matters therein stated to be alleged on information and belief; and as to those matters, affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by the Plaintiff is because the Plaintiff does not reside or have a place of business in New York County, where your affirmant's office is located. The grounds of affirmant's belief as to all matters not stated to be upon affirmant's own knowledge, are based upon investigative material contained in affirmant's file.

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in this document are not frivolous.

Dated: New York, New York
       October 19, 2007

                                             *James Hoffmaier*
                                             JAMES HOFFMAIER, ESQ.
                                             Hoffmaier & Hoffmaier, LLP
                                             Attorney for Plaintiff