UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LIZA POPOVIC,

                                Plaintiff,      **DISCOVERY DEMANDS PURSUANT TO FRCP 34, 26, 36 AND 30**

    -against -

                                Civil Action No.
                                07-CV-09598

                                Justice Lewis A. Kaplan

                                N.Y. Supreme Court,
                                Bronx County
                                Index No: 301206-07

THE STOP & SHOP SUPERMARKET COMPANY LLC,
and
SUPER STOP & SHOP,

                                Defendants.
------------------------------------------------------------------x

S I R S :

    ***PLEASE TAKE NOTICE***, that the undersigned hereby makes the following demands upon you pursuant to rules 34, 26, 36 and 30 of the Federal Rules of Civil Procedure:

    Demand for the Names and Addresses of all Witnesses;

    Demand for Expert Information;

    Demand for Discovery and Inspection of any Statement of a Party Represented by the Undersigned;

    Demand for Insurance Policy;

    Demand for Photographs;

Demand for Accident Reports;

Notice of Deposition;

and

Notice for Discovery and Inspection.

Returnable at the office of the undersigned pursuant to the deadlines set forth in the Federal Rules of Civil Procedure.

### *DEMAND FOR THE NAMES AND ADDRESSES OF WITNESSES*

**PLEASE TAKE NOTICE**, that the undersigned hereby demands that you set forth in writing and under oath, the following:

1. The names and addresses of all persons known to have witnessed the occurrence or to have first-hand knowledge of same, whether the identities were obtained at the scene of the occurrence or thereafter obtained by the party, by his attorneys or representatives.

2. The names and addresses of all persons known to have knowledge, whether obtained before or after the occurrence, of any condition which is claimed to have caused or affected the occurrence (including any notice witnesses) whether the identities were obtained at the scene of the occurrence or thereafter obtained by the party, his attorneys or representatives.

3. The names and addresses of every person Defendant(s) claims is a witness to an admission made by Plaintiff and any other party.

4. The names and addresses of every person Defendant(s) claims is a witness to any alleged culpable conduct of Plaintiff.

5. The names and addresses of any person with knowledge of the nature and duration of the conditions that allegedly caused the occurrence alleged in the complaint.

6. If no such persons are known, a response to that effect is demanded.

7. If any affirmative defense is alleged, state the names and addresses of any witnesses to the acts, notice or conditions substantiating the alleged affirmative defense.

### *DEMAND FOR EXPERT INFORMATION*

1. (a) Please furnish the name, address and qualification of each expert witness whom you expect to call at trial; state in reasonable detail the subject matter and substance of the facts and opinions on which each expert is expected to testify; and set forth a summary of the grounds for each such opinion.

(b) If no such witness is known to the Defendant(s), so state in the sworn reply to this demand. The undersigned will object upon trial to the testimony of any witnesses not so identified.

2. Disclose in reasonable detail the qualifications of each expert witness.

3. Disclose in reasonable detail the subject matter on which each expert is expected to testify.

4. Disclose in reasonable detail the substance of the facts and opinions on which each expert is expected to testify.

5. Disclose in reasonable detail a summary of the grounds for each expert's opinion. Include:

(a) A description of every medical, dental and/or hospital record relied

upon.

        (b)    A list of all textbooks, treatises and/or articles relied upon.

6.    All publications by Defendant(s)'s expert.

This is a continuing demand for information regarding experts retained by you for trial. Failure to comply with this Notice in a timely manner shall be grounds for an Order precluding you from offering the testimony at trial of any expert witness whose name and expected testimony is not disclosed, striking the Answer and/or such other relief as the Court deems just under the circumstances.

### *DEMAND FOR DISCOVERY AND INSPECTION OF ANY STATEMENT OF OF A PARTY REPRESENTED BY THE UNDERSIGNED*

***PLEASE TAKE FURTHER NOTICE***, that the undersigned demands upon behalf of each party represented by him in this action, that you produce at the time and place herein specified, and permit the undersigned to discovery, inspection and copying of each and every statement(s), abstracts, recordings and writings made or taken by each such party and his, her, or its agents, servants and/or employees, now in your possession, custody or control or in the possession, custody or control of any party you represent in this action, if any such statement in any matter bears on the issues in this action. If the statement was recorded, set forth a true and complete copy of the statement. If the statement was orally made, provide the exact substance of the statement, the name and address of the person to whom the statement was made, the date and place the statement was made, and/or summaries and/or memoranda referring to the statement.

If no such statement is in the possession, custody or control of any parties you

represent in this action, so state in the sworn reply to this demand.

## *DEMAND FOR INSURANCE POLICY*

**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands that the Defendant(s) produce and permit Plaintiff to inspect and to copy the following documents:

    (a) The policies of insurance covering the basic liability, excess, co-insurance and all other applicable liability, medical payments, coverages as they apply to the underlying accident and as specified in the Complaint.

## *DEMAND FOR PHOTOGRAPHS*

**PLEASE TAKE FURTHER NOTICE**, that the undersigned demands:

    (a)    You are requested to produce, at the expense of the attorneys for the Plaintiff, a duplicate of any and all pictures, movies, films, slides, videotapes, visual reproductions, drawings, and/or descriptions of the alleged scene of the accident, any conditions that allegedly contributed to the occurrence of the accident and/or construction and/or repair work prior to and including the date of the accident, in the possession of the Defendant(s), their agents, servants, and/or employees, or the attorneys representing said parties. Defendant(s) are also to produce any and all photographs taken of the Plaintiff, including any videotapes, photographs, movies, slides, and visual reproductions of the Plaintiff, including out-takes, unused tapes,

notes and memoranda concerning the Plaintiff. Also, provide the names and addresses of the persons who obtained or created said materials, as well as the date, time and place where said materials were allegedly obtained or created.

### *DEMAND FOR ACCIDENT REPORTS*

**PLEASE TAKE FURTHER NOTICE,** that you are required to produce each and every accident/incident/investigation report prepared in the usual course of business of the Defendant(s) referable to the incident complained of herein.

### *NOTICE OF DEPOSITION*

**PLEASE TAKE NOTICE**, that the testimony, upon oral examination, of the Defendant(s), as adverse parties will be taken before a notary public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the offices of the Plaintiff, located at 30 Avenue B, New York, New York, or other agreed upon location, on the 27th day of December, 2007 at 10:00 a.m. in the forenoon of that day with respect to evidence material and necessary in the prosecution of this action.

All of the relevant facts and circumstances in connection with the accident sued upon herein including negligence, contributory negligence, liability and damages. That said person to be examined is required to produce at such examination the following: All books, records, memoranda, and documents relative to this action sued upon herein.

## NOTICE FOR DISCOVERY AND INSPECTION

As used throughout these Discovery Demands, the words "document" or "documents" means any written, recorded, filmed or graphic matter whether produced and/or reproduced on paper, cards, tapes, film, electronics, facsimile, computer storage device, disc, hard drive, e-mail, or any other media that are or have been in the possession, custody or control of the Defendants, or other documents that are known by Defendants to exist.  References to "you" means Defendants, their agents, servants, employees and attorneys. The words "and" and "or" are to be construed in both the conjunctive and disjunctive. The word "any" includes the word "all," and the word "all" includes the word "any." The use of the singular shall include the plural, and the use of the plural shall include the singular. The use of the male pronoun shall include the female pronoun. References to "Defendants" include, but are not limited to, Defendants and Defendants' agents, servants and employees. The term "Premises" means the location of the accident set forth in the Bill of Particulars, Bronx Supreme Court Index no. 301206-07. The foregoing definitions form an integral part of each of the demands.

**PLEASE TAKE FURTHER NOTICE,** that you are required to produce the following pursuant to FRCP 26 and 34:

1. All leases or subleases (including riders and amendments) regarding the Premises in effect on the date of the accident.

2. All contracts between the Defendant(s) regarding the Premises in effect on the date of the accident.

3. The managing agent's agreement for the Premises in effect on the date of the accident.

4. The name and last known address of the managing agent for the Premises on the date of the accident.

5. The name and last known address of the cleaning/maintenance contractor for the Premises on the date of the accident.

6. The contract of the cleaning/maintenance contractor in effect on the date of the accident.

7. All contracts, subcontracts, leases, subleases, records, documents, memoranda, notes, correspondence, reports, repair orders, logs, field reports, progress reports, purchase orders, schedules, policies, procedures, rules, regulations, instructions, guidelines, directives, invoices, bills, permits, diagrams, work permits, blueprints, architect's designs, schematics, diagrams, job meeting minutes, records referable to work done pursuant to permits and permit applications, work proposals, or other documents regarding the service, cleaning, sweeping, inspection, repair and maintenance of the Premises for the **five years** period prior to the accident.

8. The names and last known addresses (if no longer employed) of any employees, supervisory personnel, independent contractors, tenants, inspectors, or other entities responsible for installation, service, cleaning, sweeping, inspection, repair and maintenance of the Premises for the **five** year period prior to and including the date of the accident.

9. All records, documents, logs, schedules, policies, procedures, invoices, bills, or other written information regarding the lighting and lights inside of the Premises for the one year period prior to the accident.

10. All documents, records, pleadings, notices of claim, correspondence, and log books regarding any written or oral complaints, other accidents, or other litigation, regarding the conditions complained of in the Complaint, or similar conditions, at the Premises during the **five** years before the subject accident.

11. All writings reflecting notice to the Defendant(s) of the conditions complained of in the Complaint prior to and including the date of Plaintiff's accident.

12. Names and last known addresses of all building/property managers, porters, supers, doormen, security and cleaning persons employed at the Premises on the date of the accident.

13. All documents reflecting any radio transmission regarding Plaintiff's accident at the Premises at the time of Plaintiff's accident.

14. All documents reflecting the number, type and placement of floor mats, if any, in Defendant(s)'s inventory on the date of Plaintiff's accident and earlier.

15. All documents, consisting of, but not limited to, complaints, correspondence, computer data and printouts, index book and log entries and inspection reports, of complaints received by any Defendant(s), concerning the condition of the subject Premises prior to and including the date of the accident.

16. Printouts of computer data identifying alleged defects at the subject Premises within the three years prior to the date of Plaintiff's accident.

17. All Central Index Bureau (CIB) reports that indicate or show any accident(s) or claim(s) pertaining to the Plaintiff in this action and set forth dates, times and places that the prior accident(s) occurred.

18. The deed to the Premises in effect on the date of the accident.

19. Payroll records for the subject location for the date of the accident, and personnel files for all employees employed at the Premises on the date of the accident.

20. Pursuant to HIPPA, if Defendant(s) at any time interviews Plaintiff's treating doctors pursuant to the authorization requirements of HIPPA, Plaintiff demands all documents, memoranda, notes reporting oral statements made by the doctor being interviewed, and audio and video recordings of the interview.

21. Identify all parties and non-parties potentially liable for Plaintiff's injuries. Ryan, 170 A.D.2d 1045. Plaintiff will object at trial to any Article 16 Defenses not disclosed before the Note of Issue is filed.

22. Records of subsequent accidents, and subsequent remedial action such as cleaning.

**PLEASE TAKE FURTHER NOTICE**, that the foregoing are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished to the undersigned, pursuant to these demands. To the extent Defendants claim that records cannot be located, produce a detailed statement, made under oath, by a person with direct knowledge of the facts as to the past and present status of the sought documents. Unsubstantiated conclusory allegations of hardship or an unwarranted fishing expedition are insufficient to bar disclosure. Defendant must show prejudice, disadvantage or embarrassment. The fact that the Defendant may have to produce or look for a number of documents is irrelevant and not determinative. Disclosure is not limited to the pleadings or the burden of proof. An item of arguable relevance should be disclosed. Discovery is not limited to admissible evidence: any matter that could lead to the discovery of admissible proof is discoverable. The burden of demonstrating that particular subject matter is exempt from disclosure is on the party opposing discovery. There is no privilege

that applies to the requested discovery. Responses that information will be provided "when it becomes known" are not responsive and could result in preclusion or striking of your answer.

Pursuant to FRCP 26 and 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice law in the Courts of New York State and the Southern District of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in this document are not frivolous.

Dated: New York, New York
       November 27, 2007

                                        Yours, etc.,

                                        /s/ James Hoffmaier
                                        JAMES HOFFMAIER, ESQ.
                                        HOFFMAIER &
                                        HOFFMAIER, LLP
                                        Attorney for Plaintiff
                                        30 Avenue B, 1st Floor
                                        New York, New York 10009
                                        (212) 777-9400

        TO:    AHMUTY, DEMERS & MCMANUS
               Attorneys for Defendants
               THE STOP & SHOP SUPERMARKET COMPANY LLC,
               and
               SUPER STOP & SHOP
               200 I.U. Willets Road
               Albertson, New York 11507
               (516) 294-5433
                File SAS1178N7PAE

STATE OF NEW YORK
COUNTY OF NEW YORK

SS:

I, the undersigned, an attorney admitted to practice law in the Courts of the State of New York, affirm the following to be true under penalty of perjury,

On November 27, 2007, I served the within Discovery Demands and Notice of Deposition by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

>AHMUTY, DEMERS & MCMANUS
>Attorneys for Defendants
>THE STOP & SHOP SUPERMARKET COMPANY LLC,
>and
>SUPER STOP & SHOP
>200 I.U. Willets Road
>Albertson, New York 11507
>(516) 294-5433
>File SAS1178N7PAE

November 27, 2007

/s/ James Hoffmaier
James Hoffmaier, Esq.