UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LIZA POPOVIC,

                                  Plaintiff,

       -against -

THE STOP & SHOP SUPERMARKET COMPANY LLC,
and
SUPER STOP & SHOP,

                                  Defendants.
-----------------------------------------------------------x

**FEDERAL RULES OF CIVIL PROCEDURE RULE 26 DISCLOSURE**

07-CV-09598
Justice Lewis A. Kaplan
N.Y. Supreme Court, Bronx County
Index No: 301206-07

Plaintiff, by her attorney, HOFFMAIER & HOFFMAIER, LLP, as and for her Rule 26 Disclosure, respectfully alleges:

1. Rule 26 (a)(1)(A): Plaintiff, Liza Popovic (address: 2145 Lurting Avenue, Bronx, New York) has discoverable information supporting Plaintiff's claims. The subject matter of the information possessed by Plaintiff includes, *inter alia*, the manner of how the accident occurred; the prior actual and constructive notice to Defendants concerning the liquids on the floor at Stop & Shop Supermarket at 111 Vredenburg Ave., Yonkers (hereinafter, the "Premises"), that caused Plaintiff to slip and fall; and her injuries sustained. Upon information and belief, an employee of the store (possibly a manager; possibly named Elvira Gjonaj or Elina Rosario (addresses unknown)) admitted that he/she knew about the liquid before the accident. Upon information and belief, Plaintiff fell in front of employees who saw the liquid and did

1

not warn Plaintiff of the liquid. Upon information and belief, no other witnesses to the accident except (upon information and belief) Bora Shabaj (address: 2145 Lurting Avenue, Bronx, New York), Marie Popovic (address: 2145 Lurting Avenue, Bronx, NY, 10461), and Police Officer Thomas Drogan (business address: City of Yonkers New York Police Department, 104 South Broadway, Yonkers, New York 10701). Upon information and belief, the subject matter of the information possessed by these persons includes, *inter alia*, the manner of how the accident occurred; the prior actual and constructive notice to Defendants concerning the liquids on the floor at the Premises that caused Plaintiff to slip and fall; and Plaintiff's injuries. Individuals also likely to have discoverable information supporting Plaintiff's claims include Plaintiff's treating doctors, <u>i.e.</u>, Empress Ambulance, P.O. 31786, Hartford, CT 06150; Lawrence Hospital, 55 Palmer Ave., Bronxville, N.Y. 10708; Patrick McMahon, 266 White Plains Rd., Eastchester, N.Y. 10709; Jonathon Weinstein, 222 Westchester Ave., White Plains, N.Y. 10604; Sound Shore Emerg, Med. Assoc., P.O. 658, Livingston, NJ 07039; Jannet Gorkin, 3327 Bainbridge, Bronx, N.Y. 10467. Upon information and belief, the subject matter of the information possessed by these doctors includes, *inter alia*, the injuries sustained by the Plaintiff because of her fall on June 2, 2007 at the Premises. (Medical records received by the Plaintiff to date were previously provided to Defense counsel.)

2. Rule 26 (a)(1)(B) Documents supporting Plaintiff's claims: Previously provided to Defense counsel were HIPAA authorizations and the records of Empress Ambulance, P.O. 31786, Hartford, CT 06150; Lawrence Hospital, 55 Palmer Ave., Bronxville, N.Y. 10708; Patrick McMahon, 266 White Plains Rd., Eastchester, N.Y.

10709; Jonathon Weinstein, 222 Westchester Ave., White Plains, N.Y. 10604; Sound Shore Emerg, Med. Assoc., P.O. 658, Livingston, NJ 07039; Jannet Gorkin, 3327 Bainbridge, Bronx, N.Y. 10467.

3. Rule 26 (a)(1)(C): Damages: pain and suffering: $1,000,000. The medical records of Empress Ambulance, P.O. 31786, Hartford, CT 06150; Lawrence Hospital, 55 Palmer Ave., Bronxville, N.Y. 10708; Patrick McMahon, 266 White Plains Rd., Eastchester, N.Y. 10709; Jonathon Weinstein, 222 Westchester Ave., White Plains, N.Y. 10604; Sound Shore Emerg, Med. Assoc., P.O. 658, Livingston, NJ 07039; Jannet Gorkin, 3327 Bainbridge, Bronx, N.Y. 10467 bear on the nature and extent of the injuries suffered. HIPAA authorizations have been provided to Defense counsel allowing counsel to obtain all the medical records of all of Plaintiff's treating doctors.

4. Rule 26(a)(1)(D): Insurance: inapplicable to Plaintiff.

5. Rule 26(a)(2)(A): Experts: Plaintiff's treating doctors, i.e., Empress Ambulance, P.O. 31786, Hartford, CT 06150; Lawrence Hospital, 55 Palmer Ave., Bronxville, N.Y. 10708; Patrick McMahon, 266 White Plains Rd., Eastchester, N.Y. 10709; Jonathon Weinstein, 222 Westchester Ave., White Plains, N.Y. 10604; Sound Shore Emerg, Med. Assoc., P.O. 658, Livingston, NJ 07039; Jannet Gorkin, 3327 Bainbridge, Bronx, N.Y. 10467.

6. Rule 26(a)(2)(B) and (C): Responses are not yet required under the deadlines set forth in Rule 26. Plaintiff designates all treating doctors, including orthopedic surgeon(s), neurologist(s), chiropractic doctor(s); Empress Ambulance, P.O. 31786, Hartford, CT 06150; Lawrence Hospital, 55 Palmer Ave., Bronxville, N.Y. 10708;

Patrick McMahon, 266 White Plains Rd., Eastchester, N.Y. 10709; Jonathon Weinstein, 222 Westchester Ave., White Plains, N.Y. 10604; Sound Shore Emerg, Med. Assoc., P.O. 658, Livingston, NJ 07039; Jannet Gorkin, 3327 Bainbridge, Bronx, N.Y. 10467. See copies of medical reports and/or hospital records received to date for qualifications of medical providers. The treating doctors will testify regarding personal injuries sustained by Plaintiff as a result of the accident to which this action refers based upon medical reports; hospital records; x-rays; technicians reports; observations of Plaintiff; conversations with Plaintiff; physical examinations of Plaintiff, medical tests, procedures, and treatment; medical knowledge, training, experience, and otherwise. Please see medical and hospital records and reports for facts and opinions. Subject to amendment/supplementation.

7. Rule 26(a)(3)(A): A responses is not yet required under the deadlines set forth in Rule 26. Without waiving this objection, responsive information is contained in the Rule 26 (a)(1)(A) response <u>supra</u>.

8. Rule 26(a)(3)(B): A responses is not yet required under the deadlines set forth in Rule 26. Without waiving this objection, responsive information is contained in the Rule 26 (a)(1)(A) response <u>supra</u>.

9. Rule 26(a)(3)(C): A response is not yet required under the deadlines set forth in Rule 26. Without waiving this objection, responsive information is contained in the Rule 26 (a)(1)(B) response <u>supra</u>.

Plaintiff reserves her right to supplement/amend this response pursuant to Rule 26(e) and all other applicable Rules, Statutes and caselaw.

Pursuant to Rule 26(g), the undersigned, an attorney admitted to practice in the Southern District and the Courts of New York State, certifies that, to the best on my knowledge, information and belief, formed after a reasonable inquiry, this disclosure is complete and correct as of the time it is made.

Pursuant to Rule 26(g), the undersigned, an attorney admitted to practice in the Southern District and the Courts of New York State, certifies that, to the best on my knowledge, information and belief, formed after a reasonable inquiry, this response is consistent with the FRCP and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; not interposed for any improper purpose; and not unreasonably or unduly burdensome or expensive.

Dated:     New York, New York
           November 27, 2007

                                           Yours, etc.

                                           /s/ James C. Hoffmaier
                                           James C. Hoffmaier
                                           HOFFMAIER &
                                           HOFFMAIER, LLP
                                           Attorney for Plaintiff
                                           Attorney at Law
                                           30 Avenue B
                                           New York, New York, 10009
                                           (212) 777-9400

TO:     AHMUTY, DEMERS & MCMANUS
        Attorneys for Defendants
        THE STOP & SHOP SUPERMARKET COMPANY LLC,
        and
        SUPER STOP & SHOP
        200 I.U. Willets Road
        Albertson, New York 11507
        (516) 294-5433
        File SAS1178N7PAE

5

STATE OF NEW YORK  )
COUNTY OF NEW YORK )        SS:

JAMES HOFFMAIER, an attorney duly admitted to practice law in the Southern District and the State of New York, affirms the following to be true under penalties of perjury:

The undersigned is the attorney of record for the Plaintiff, LIZA POPOVIC, in the captioned matter.  The undersigned has read the forgoing and knows the contents thereof.  The same is true to affirmant's own knowledge, except as to those matters therein stated to be alleged on information and belief; and as to those matters, affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by the Plaintiff is because the Plaintiff does not reside or have a place of business in New York County, where your affirmant's office is located.  The grounds of affirmant's belief as to all matters not stated to be upon affirmant's own knowledge, are based upon investigative material contained in affirmant's file.

Pursuant to 22 NYCRR 130-1.1 and any and all corresponding Federal Rules and Statutes, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in this document are not frivolous.

Dated: New York, New York
         November 27, 2007

/s/ James C. Hoffmaier
JAMES HOFFMAIER, ESQ.
Hoffmaier & Hoffmaier, LLP
Attorney for Plaintiff

STATE OF NEW YORK
COUNTY OF NEW YORK

SS:

I, the undersigned, an attorney duly admitted to practice law in the State of New York, hereby affirms to following to be true under penalty of perjury.

On November 27, 2007, I served the within FRCP Rule 26 Responses, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

> AHMUTY, DEMERS & MCMANUS
> Attorneys for Defendants
> THE STOP & SHOP SUPERMARKET COMPANY LLC,
> and
> SUPER STOP & SHOP
> 200 I.U. Willets Road
> Albertson, New York 11507
> (516) 294-5433
> File SAS1178N7PAE

November 27, 2007

/s/ James C. Hoffmaier
James Hoffmaier, Esq.
HOFFMAIER &
HOFFMAIER, LLP
Attorney for Plaintiff